IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11 C 7568 |
| MELVIN DOKICH, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Melvin Dokich ("Dokich"), having entered a blind plea of guilty to charges of his active participation in an extremely large financial fraud perpetrated on thousands of investors in Efoora, Inc. ("Efoora"), was sentenced to an 84 month custodial term, which was affirmed on appeal (614 F.3d 314 (7th Cir. 2010)). Something over a year later Dokich has deluged this Court with reams of paper in support of a still-timely 28 U.S.C. § 2255 ("Section 2255") motion challenging various aspects of his conviction and sentence. Substantial further briefing -- most recently the Government's July 12, 2012 Supplemental Response to Dokich's most recent offering -- followed at this Court's direction..

Because the United States' original Response and its current Supplemental Response refute Dokich's contentions point by point and in detail (and more importantly, with total accuracy), it would be act of supererogation simply to repeat the government's sound arguments as this Court's own. Instead this memorandum opinion and order will dispatch Dokich's unpersuasive contentions in briefer compass (although this Court does adopt as its own the lengthier treatment in the government's submissions).

First, the more-than-50-page plea colloquy puts the lie to each of Dokich's contentions that he suffered from constitutionally inadequate representation by his District Court counsel. Every one of Dokich's complaints about representation at the District Court level is totally torpedoed by the transcript of the August 27, 2007 proceedings during which Dokich pleaded guilty.

Although what has been said to this point is really enough to scotch Dokich's position on that score, a couple of added points may be made. For example, there is no warrant for Dokich's characterization of his participation in the multimillion dollar fraud as "minimal" or even "minor." This Court gave careful recognition to the comparative levels of culpability of the three co-defendants by imposing twice as long a sentence (168 months) on David Grosky (Efoora's CEO) and a 94-month sentence on Craig Rappin (Efoora's CFO).[1] Not incidentally, Dokich's own sentence was well below the bottom end of the advisory Guideline range.

What is particularly troubling about Dokich's current contention that his guilty plea was not made knowingly, including his statement that he "was dazed and confused and even though the words 'yes I understand' came from his mouth, his heart and mind had no understanding of what in fact was transpiring;" is its total inconsistency with his answers and his demeanor throughout the plea proceeding. This Court was meticulous not only in covering all of the bases during the taking of the guilty plea but also in observing Dokich during the process, and it finds his after-the-fact arguments wholly lacking in bona fides. It is particularly disturbing to find a defendant engaging in such revisionist history, falsely portraying matters that he expressly

---

[1] Dokich's role in the massive scam was that of actively peddling Efoora securities to the investing public -- victims of fraud -- over a period of several years.

acknowledged during every part of the plea proceedings. If Dokich's current performance had taken place before sentencing rather than in a post-sentencing Section 2255 motion, he would have lost the benefit of acceptance of responsibility, with a consequent major ratcheting up of the advisory Guideline range.

There is also no merit in Dokich's claim that the Speedy Trial Act was violated. That argument as such could have been presented on direct appeal but was not -- and to the extent that Dokich seeks to reframe it as delinquency on the part of his District Court counsel for having failed to raise the issue, it is totally lacking in substantive merit as well. As to the amount of loss attributed to Dokich (just under $56 million), that is really foreclosed by our Court of Appeals' affirmance on appeal after it had initially found that issue to be an exception to appellate counsel's Anders-based motion to withdraw because of the asserted absence of any nonfrivilous issue on appeal.

What has been said to this point segues into the last few areas of discussion, those addressed in the government's Supplemental Response. On that score, Dokich's claim of a constitutional deficiency in the representation provided by appellate counsel is equally without merit. First, this opinion has already identified Dokich's total shortfall in terms of ascribing a constitutional deficiency in representation by his District Court counsel, and his parallel assertions against appellate counsel (the failure to argue that his guilty plea was involuntary and that he was assertedly the victim of ineffective assistance of trial counsel) are equally devoid of merit. Nor does Dokich's attempt to tar the government with asserted misconduct have any traction at all.

Indeed, Dokich's criticism of his appellate counsel's invocation of the <u>Anders</u> procedure glosses over -- or rather ignores entirely -- Dokich's own opportunity, afforded by the Court of Appeals, to assert any matters that he chose to raise.  Our Court of Appeals gave full consideration to everything put before it and upheld every aspect of his sentence (including the loss ascribable to his actions, which he again seeks to resuscitate).

This memorandum opinion and order would not be complete, however, if it failed to advance the ultimate truth that even if Dokich's lawyers had advanced every argument for which he now contends, the result would have been no different -- it is an understatement to say that there is no reasonable probability that the outcome of either (1) the sentencing at the District Court level or (2) the appeal would have been altered.  In that respect the government's Supplemental Response at 2 has it exactly right:

> The defendant's claims are completely undermined by the overwhelming evidence of his guilt, the implausibility of his claims, and the conflict between Dokich's current claims and the statements that Dokich made under oath during the plea and sentencing hearings which directly contradict his current claims.

In sum, the parties' extensive submissions have led to the same destination that some Section 2255 motions permit on initial consideration.  As Rule 4(b) of the Rule Governing Section 2255 Proceedings for the United States District Courts puts it:

> [I]t plainly appears from the motion, and the attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.

Dokich's motion is denied, and this action is dismissed.

                                                     */s/ William D. Shadur*
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  July 17, 2012.