IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN DOKICH,                )
                              )
    Petitioner-Appellant,    )
                              )
v.                            )   Case No. 11 C 7568
                              )   (USCA No. 12-3141)
UNITED STATES OF AMERICA,     )
                              )
    Respondent-Appellee.     )

### MEMORANDUM OPINION AND ORDER

On October 1, 2012 Melvin Dokich ("Dokich") filed a motion with our Court of Appeals, seeking leave to proceed on appeal in forma pauperis, and that motion was then transferred to the Clerk of this District Court. In turn the Clerk has transmitted the motion papers to this Court for a ruling.

Under the teaching from our Court of Appeals, the granting of in forma pauperis status depends on a dual showing: both (1) the appellant's inability to pay the $455 in filing fees and (2) the appellant's assertion of a nonfrivolous ground (in the objective sense) for the appeal (see, e.g., Lee v. Clinton, 209 F.3d 1025, 1026-27 (7th Cir. 2000)). As this memorandum opinion and order demonstrates later, this Court finds that Dokich flunks the second of those requirements, but because he has the right to re-present the issue to the Court of Appeals (see Fed. R. App. P. 24) this opinion treats with the first requirement as well.

On that score this Court has reviewed the printout of transactions in Dokich's prison trust fund account that he has submitted with the affidavit that accompanies his in forma pauperis

motion (see 28 U.S.C. § 1915(a)(2)).[1]  Those records reflect that the average monthly deposits to Dokich's account during the relevant six-month period (see Section 1915(b)(1)(A)) amounted to $190.63.  Accordingly, if Dokich were to be granted in forma pauperis status, an initial payment of $38.13 (20% of $190.63) would be required of him on account of the total filing fees, with the balance of the $455 to be paid in future installments as provided in Section 1915(b)(2).

But as stated earlier, Dokich fails the other requirement for in forma pauperis status.  In that respect he claims to have been the victim of constitutionally inadequate representation by his counsel before this Court.  But this Court has earlier explained in its September 18, 2012 Statement as to Certificate of Appealability (already on file with the Court of Appeals) why his current appeal is groundless.  This Court will not repeat what was said there, except to reemphasize that Dokich's clear inability to satisfy the second part of the <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) standard -- the need to show prejudice resulting from the assertedly inadequate representation -- alone calls for the rejection of his current appeal, as objectively frivolous.

                                                                                                      _____
                                                                                                      Milton I. Shadur
                                                                                   Senior United States District Judge

Date:  October 11, 2012

---

[1] All further references to provisions of that section will simply take the form "Section--," omitting the prefatory 28 U.S.C.